1  **STEVEN J. ROTHANS – State Bar No. 106579**
   **JONATHAN D. REDFORD – State Bar No. 230389**
2  **KENNETH P. KOROSI – State Bar No. 305313**
   **CARPENTER, ROTHANS & DUMONT**
3  **888 S. Figueroa Street, Suite 1960**
   **Los Angeles, CA  90017**
4  **(213) 228-0400**
   **(213) 228-0401 [Fax]**
5  srothans@crdlaw.com; jredford@crdlaw.com

6  Attorneys for Defendants CITY OF POMONA, a public entity, CORPORAL
7  CHAD JENSEN, OFFICER PRINCE HUTCHINSON, OFFICER RALPH
   CORREA, SERGEANT TODD SAMUELS, OFFICER AUSTIN DOSSEY, and
8  OFFICER TIMOTHY DORN, public employees

9              **UNITED STATES DISTRICT COURT**
10
             **CENTRAL DISTRICT OF CALIFORNIA**
11

12  IGNACIO AGUILAR IV, an          )  Case No.
    individual; IGNACIO AGUILAR JR., )
13                                   )
    an individual, CHRISTIAN AGUILAR,)  **NOTICE OF REMOVAL OF**
14  by and through his guardian *ad litem*, )  **ACTION**
    ERAIN AGUILAR;                   )
15                                   )
                                     )  **[28 U.S.C. § 1441 (b) & (c)**
16          Plaintiffs,              )  **(FEDERAL QUESTION)]**
                                     )
17                                   )
                                     )
18       vs.                         )
                                     )
19                                   )
    COUNTY OF LOS ANGELES; CITY      )
20  OF POMONA; POMONA POLICE         )
    DEPARTMENT; OFFICER JENSEN;      )
21  OFFICER HUTCHINSON; OFFICER      )
22  CORREA; OFFICER SAMUALS;         )
    OFFICER DOSSEY; OFFICER          )
23  DORN; DOES 1-50, inclusive;      )
                                     )
24                                   )
           Defendants               )
25  _____)

26       TO THE CLERK OF THE ABOVE-ENTITLED COURT:

27       PLEASE TAKE NOTICE that Defendant CITY OF POMONA, a public
28  entity, hereby removes to the United States District Court, Central District of

-1-

1    California the state court action described below.

2        1.    On or about June 27, 2016, an action was commenced in the Superior

3    Court of the State of California, in and for the County of Los Angeles, entitled

4    IGNACIO AGUILAR, et al. v. COUNTY OF LOS ANGELES, et a., as case

5    number KC068544, a copy of which is attached hereto as Exhibit "A".

6        2.    On July 6, 2016, Defendant CITY OF POMONA, a public entity, was

7    served with a copy of the state court Summons and Complaint.  A copy of the

8    Summons reflecting the CITY's date of receipt is attached hereto as Exhibit "B".

9        3.    This action is a civil action of which the United States District Court

10   has original jurisdiction under 28 U.S.C. § 1331, and is one which may be

11   removed to such Court by Defendants CITY OF POMONA pursuant to the

12   provisions of 28 U.S.C. § 1441 (b) and (c), in that it is founded on claims and

13   rights arising under the Constitution and 42 U.S.C. § 1983.

14       4.    Counsel has received consent from the attorneys who will be

15   representing the County of Los Angeles—the only other named Defendant in this

16   action—for the removal of the action to federal court.

17

18   DATED:  August  4 , 2016              CARPENTER, ROTHANS & DUMONT

19

20                                        By: _____

21                                        STEVEN J. ROTHANS
                                          JONATHAN D. REDFORD
22                                        KENNETH P. KOROSI
23                                        Attorneys for Defendants
                                          CITY OF POMONA, a public entity,
24                                        CORPORAL JENSEN, OFFICER
25                                        HUTCHINSON, OFFICER CORREA,
                                          SERGEANT SAMUELS, OFFICER
26                                        DOSSEY and OFFICER DORN, public
27                                        employees

28

# Exhibit "A"

COPY

# GERAGOS & GERAGOS

A PROFESSIONAL CORPORATION
LAWYERS
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 625-3900
FACSIMILE (213) 625-1600
Geragos@Geragos.com

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 27 2016

Sherri R. Carter, Executive Officer/Clerk

By Jacqueline Gonzalez, Deputy

MARK J. GERAGOS       SBN 108325
DAVID W. GAMMILL      SBN 258286
BEN MEISELAS          SBN 277412

Attorneys for Plaintiffs IGNACIO AGUILAR IV, IGNACIO AGUILAR JR,
and CHRISTIAN AGUILAR

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, CITY OF POMOMA

| | |
|---|---|
| IGNACIO AGUILAR IV, an individual; IGNACIO AGUILAR JR., an individual; CHRISTIAN AGUILAR, by and through his guardian *ad litem* ERAIN AGUILAR;<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES; CITY OF POMONA; POMONA POLICE DEPARTMENT; OFFICER JENSEN; OFFICER HUTCHINSON; OFFFICER CORREA; OFFICER SAMUALS; OFFICER DOSSEY; OFFICER DORN; DOES 1-50 inclusive;<br><br>Defendants. | Case No.   KC068544  J <br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **VIOLATION OF CIVIL RIGHTS 42 U.S.C. §1983**<br><br>2. **VIOLATION OF CIVIL RIGHTS – MONELL CLAIM**<br><br>3. **VIOLATION OF CIVIL RIGHTS-DEVEREAUX CLAIM**<br><br>4. **BATTERY**<br><br>5. **VIOLATION OF CIVIL CODE §52.1**<br><br>6. **NEGLIGENCE**<br><br>7. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**<br><br>8. **WRONGFUL PROSECUTION**<br><br>**DEMAND FOR JURY TRIAL** |

CASE ASSIGNED FOR
ALL PURPOSES TO
JUDGE D. OKI
DEPT. "J"

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

- 1 -
COMPLAINT

1

2      Plaintiffs Ignacio Aguilar IV, Ignacio Aguilar Jr. and Christian Aguilar allege,

3

4                                    **INTRODUCTION**

5          1.      On September 16th, 2015 Ignacio Aguilar Jr., took his family, including his

6      sons Ignacio Aguilar IV and Christian Aguilar, to the Los Angeles County Fair.  What should

7      have been an evening of family fun ended with unprovoked police brutality.  A sequence of

8      events, propelled by a group of corrupt Pomona Police Officers, culminated in the beating of

9      sixteen-year-old Christian Aguilar by a group of Pomona Police Officers.  Christian was

10     struck in the throat multiple times, repeatedly beaten with a baton, and threatened with a taser

11     before officers stopped beating the young man and arrested him.  The officers then engaged in

12     an intricate cover up involving the arrest of a witness, evidence tampering, and submitting

13     intentionally dishonest police reports to the District Attorney's Office.

14

15                                    **THE PARTIES**

16         2.      Plaintiffs Ignacio Aguilar Jr., at all relevant times, was a resident of Los

17     Angeles County, California.

18         3.      Plaintiff Ignacio Aguilar IV is the son of Defendant Ignacio Aguilar Jr., and, at

19     all relevant times, was a resident of Los Angeles County, California.

20         4.      Plaintiff Christian Aguilar is the son of Defendant Ignacio Aguilar Jr., and, at

21     all relevant times, was a resident of Los Angeles County, California. His claim is being

22     brought by and through his Guardia *ad lietem* Erain Aguilar.

23         5.      At all times herein mentioned, the County of Los Angeles was a governmental

24     entity organized and existing under the laws of the State of California.

25         6.      At all times herein mentioned, the City of Pomona was a governmental entity

26     organized and existing under the laws of the State of California.

27         7.      At all times herein mentioned, the Pomona Police Department was a

28     governmental entity organized and existing under the laws of the State of California.

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

8.    Defendant Officer Jensen, at all relevant times, was a Detective employed by the County of Los Angeles acting under color of authority.

9.    Defendant Officer Hutchinson, at all relevant times, was a Detective employed by the County of Los Angeles acting under color of authority.

10.    Defendant Officer Correa, at all relevant times, was a Detective employed by the County of Los Angeles acting under color of authority.

11.    Defendant Officer Samuels, at all relevant times, was a Detective employed by the County of Los Angeles acting under color of authority.

12.    Defendant Officer Dossey, at all relevant times, was a Detective employed by the County of Los Angeles acting under color of authority.

13.    Defendant Officer Dorn, at all relevant times, was a Detective employed by the County of Los Angeles acting under color of authority.

14.    Plaintiffs are unaware of the true names and capacities of the Defendants named herein as DOES 1 through 50, inclusive, and therefore sue said Defendants by such fictitious names.  Plaintiffs will seek leave of court to amend this complaint to allege true names and capacities of said Defendants when the same are ascertained.  Plaintiffs are informed and believe and thereon allege that each of the aforesaid factiously named Defendants are responsible in some manner for the happenings and occurrences hereinafter alleged, and the Plaintiffs' damages and injuries as herein alleged were caused by the conduct of said Defendants.

## JURISDICTION AND VENUE

15.    This Court has jurisdiction over the entire action by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court.  Jurisdiction is conferred upon this court by Section 1983, of Title 42, United States Code.  Concurrent jurisdiction was granted to this court under *Williams vs. Horvath* (1976) 16 Cal.3d 834, 837.  Also, this Court has jurisdiction to award damages pursuant to Article VI Section 10 of the California Constitution.

16.     Pursuant to Government Code Section 910, Plaintiffs and each of them submitted a Government Tort Claim on March 14, 2016 to the appropriate City and County Officials.  By operation of law the Section 910 was deemed rejected 45 days after service. The instant action is timely brought within 6 months or 180 days from the rejection of the Government Tort Claim.

17.     Pursuant to Code of Civil Procedure section 395(a), venue is proper because Plaintiffs' injury occurred within the jurisdiction of this Court in the County of Los Angeles, California.

## FACTUAL BACKGROUND

18.     **Ignacio Aguilar Jr.'s False Arrest**

Like most adults out at the Fair that night, Ignacio and his adult cousin Gabriel were enjoying a beer.  While walking away from a beer vendor, Gabriel was engaged by Pomona Police Officers Dossey and Dorn.  Although neither Gabriel nor Ignacio Jr. showed any signs of intoxication, Officer Dorn felt Gabriel did not show the proper level of respect to the officers.  Officer Dorn arrested Gabriel under the false accusation that he was so intoxicated that he was a danger to himself and others.  When Ignacio came to his cousin's aid in an attempt to diffuse the situation he was also arrested for the same bogus charge, Penal Code Section 647(f).

19.     **The Beating of a Kid**

Ignacio's sixteen-year-old son, Christian, watched as his father and cousin were handcuffed by Pomona Police.  While officers escorted his father and cousin out of the fair, Christian began filming his father and the officers from a distance of approximately thirty feet.  For no discernable reason, Officer Jensen grabbed him by the arm and escorted him towards a fence.  Officer Jensen forced Christian, face first, into the fence.  He then spun Christian around and struck him with two unprovoked forearm strikes, even though Christian kept his hands down by his side.  Officer Hutchinson then joined the beating by grabbing Christian and placing him in a full nelson hold.  As Officer Hutchinson held Christian up in a

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

- 4 -

1  full nelson hold, Officer Correa beat Christian with a baton. As officers converged on

2  Christian he struggled to protect himself from the gang of grown men assaulting him.

3  Eventually Officer Samuels threatened Christian with a taser as officers rolled him over and

4  handcuffed him. Christian was arrested for Penal Code Section 148, resisting arrest. Christian

5  was unlawfully held in custody with adults despite telling officers multiple times that he was

6  a minor.

7       Christian's brother, Ignacio Aguilar IV, watched on in horror as his brother was beaten

8  and arrested. When he yelled for police to stop, he was taken to the ground by unknown

9  Pomona Police Officers and was unlawfully detained.

10       20.   **The Video**

11       Officers did not count on Robert Hanson, a neutral third party, filming the entire

12  beating. When Hanson noticed Officer Jensen grab a sixteen-year-old boy by the arm and

13  shove him up against a fence, he began recording the incident with his cellphone. His

14  recording captured Officer Jensen spinning Christian around and the entire assault that

15  followed. When police realized they had been video recorded, they arrested Robert Hanson

16  with bogus charges of being drunk in public and interfering with an investigation. Once they

17  had Hanson in custody, they took custody of his phone. The arrests of Ignacio Aguilar Jr.,

18  Christian Aguilar, and Robert Hanson were nothing more than the initial steps in an unlawful

19  cover up and an attempt to justify the beating of Christian.

20       21.   **The Cover-Up**

21       The Police turned over an altered version of Hanson's video to the District Attorney's

22  Office to support their falsified police reports. The Pomona Police Department's version of

23  the video was missing the first second of footage and does not show Officer Jensen initiating

24  the attack by forcibly spinning Christian around. Officers Jensen, Hutchinson, and Correa all

25  state in their police report that Christian had swung at and missed Officer Jensen's jaw

26  immediately before their version of the video starts. The full version, supplied by Mr. Hanson,

27  Hanson, directly contradicts these false accusations. Officers Jensen, Samuels, Hutchinson,

28

1    and Correa all testified under oath at the adjudication that they saw Christian swing at Jensen.

2    Jensen eventually admitted under cross-examination that Christian never swung at him.

3         Officers Dorn and Dossey both wrote false police reports indicating Ignacio Aguilar Jr.

4    showed objective signs of intoxication, despite taking no investigative steps in order to reach

5    that conclusion.

6         Christian was charged by the Los Angeles District Attorney's Office with two counts

7    of Penal Code 148.  Those charges were dismissed during his adjudication when the court

8    granted the defense motion under Welfare & Institutions Code 701.1.

9         Ignacio Aguilar Jr. was charged by the Los Angeles District Attorney's Office with

10   Penal Code 647(f).  His case was dismissed a few weeks after the dismissal of his son's case.

11

12                         **FIRST CAUSE OF ACTION**

13                   **(Violation of Civil Rights 42 U.S.C. §1983)**

14   **Plaintiffs against Defendants Jensen, Hutchinson, Correa, Samuels, Dossey, Dorn and**

15                                **Does 1-25**

16        22.    Plaintiffs reallege and incorporate by reference each and every allegation

17   contained in the preceding paragraphs as if fully set forth herein.

18        23.    At all times material to this Complaint, Defendants were acting under color of

19   the law in violating Plaintiffs constitutional rights as herein alleged under the First, Fourth

20   and Fourteenth Amendments to the Constitution of the United States.  The First, Fourth and

21   Fourteenth Amendments are made applicable to the States pursuant to 42 U.S.C. §1983.

22        24.    Plaintiffs have a constitutional right to be free from the use of excessive force

23   by law enforcement officers.  Defendants Jensen, Hutchinson, Correa, Samuels, Dossey, Dorn

24   and Does 1-25 caused injuries with the use of force against Plaintiffs' person which was

25   unnecessary, excessive or unreasonable, and thereby deprived Plaintiffs of rights, privileges,

26   and immunities secured to them by the Fourth Amendment to the Constitution of the United

27   States.  On information and belief, Plaintiffs assert that Defendants Jensen, Hutchinson,

28   Correa, Samuels, Dossey, Dorn were the officers who engaged in the excessive use of force.

GERACOS & GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

- 6 -

25.     Plaintiffs have a constitutional right to be free from unreasonable seizures of their person, made without probable cause.  Defendants Jensen, Hutchinson, Correa, Samuels, Dossey, Dorn and Does 1-25 deprived Plaintiffs of rights, privileges, and immunities secured to them by the Fourth and/ or Fourteenth Amendments to the Constitution of the United States by, *inter alia,* subjecting Plaintiffs to unlawful searches and seizures of their person, causing them to be taken into custody without justification or cause.

26.     Due to the conduct of Defendants, and each of them, Plaintiffs have suffered general damages and special damages, all in a sum to be proved at trial.

27.     Due to the conduct of Defendants, and each of them, Plaintiffs have been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiffs' damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

28.     The individual Defendants acted with a conscious disregard of Plaintiffs' rights conferred upon them by Section 1983, Title 42 of the United States Code, the First, Fourth and Fourteenth Amendments to the United States Constitution and California Civil Code Section 3333, by intentionally causing them injury and taking them into custody without probable cause.  Such conduct constitutes malice, oppression and/or fraud under California Civil Code Section 3294, entitling Plaintiffs to punitive damages against the individual Defendants in an amount suitable to punish and make an example of said Defendants.

## SECOND CAUSE OF ACTION

### (Violation of Civil Rights- *Monell* Claim)

### Plaintiffs against the County of Los Angeles, City of Pomona, Pomona Police Department and Does 25 through 50

29.     Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

30.     Defendants, the County of Los Angeles, the City of Pomona, the Pomona Police Department and Does 25 through 50, knowingly, with gross negligence, and in deliberate indifference to the Constitutional rights of citizens, maintain and permit an official policy and

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

1   custom of permitting the occurrence of the types of wrongs set forth hereinabove and
2   hereafter.
3       31.     These policies and customs include, but are not limited to, the deliberately
4   indifferent training of its law enforcement officers in the use of excessive force and in making
5   lawful arrests. These policies and customs also include the express and/or tacit
6   encouragement of excessive force and arrests without probable cause, the ratification of
7   police misconduct and the failure to conduct adequate investigations of police misconduct
8   such that future violations do not occur.
9       32.     Plaintiffs are informed and believe, and thereon alleges, that the customs and
10  policies were the moving force behind the violations of Plaintiffs' rights. Based upon the
11  principles set forth in *Monell v. New York City Dept. of Social Services*, the County of Los
12  Angeles, the City of Pomona, the Pomona Police Department and Does 25 through 50 are
13  liable for all of the injuries sustained by Plaintiffs as set forth above.
14      33.     In acting as alleged herein, Defendants, and each of them, caused Plaintiffs
15  general and special damages, in an amount to be determined at the time of trial.
16      34.     Due to the conduct of Defendants, and each of them, Plaintiffs have been
17  required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiffs'
18  damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.
19
20                              **THIRD CAUSE OF ACTION**
21          **(Violation of Civil Rights 42 U.S.C. §1983- *Devereaux* Claim)**
22  **Plaintiffs against Defendants Jensen, Hutchinson, Correa, Samuels, Dossey, Dorn and**
23                                  **Does 1-25**
24      35.     Plaintiffs reallege and incorporate by reference each and every allegation
25  contained in the preceding paragraphs as if fully set forth herein.
26      36.     At all times material to this Complaint, Defendants were acting under color of
27  the law in violating Plaintiffs constitutional rights as herein alleged under the First, Fourth

28

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

1   and Fourteenth Amendments to the Constitution of the United States.  The First, Fourth and

2   Fourteenth Amendments are made applicable to the States pursuant to 42 U.S.C. §1983.

3       37.    Plaintiffs have a constitutional right to be free from fabricated evidence used to

4   deprive Plaintiffs of liberty.  Defendants Jensen, Hutchinson, Correa, Samuels, Dossey, Dorn

5   and Does 1-25 deprived Plaintiffs of rights, privileges, and immunities secured to them by the

6   Fourteenth Amendments to the Constitution of the United States by, *inter alia,* fabricating

7   police reports and tampering with video evidence which caused Plaintiffs to be subjected to

8   the criminal justice system.

9       38.    Due to the conduct of Defendants, and each of them, Plaintiffs have suffered

10  general damages and special damages, all in a sum to be proved at trial.

11      39.    Due to the conduct of Defendants, and each of them, Plaintiffs have been

12  required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiffs'

13  damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

14      40.    The individual Defendants acted with a conscious disregard of Plaintiffs' rights

15  conferred upon them by Section 1983, Title 42 of the United States Code, the First, Fourth

16  and Fourteenth Amendments to the United States Constitution and California Civil Code

17  Section 3333, by intentionally causing them injury and fabricating evidence.  Such conduct

18  constitutes malice, oppression and/or fraud under California Civil Code Section 3294,

19  entitling Plaintiffs to punitive damages against the individual Defendants in an amount

20  suitable to punish and make an example of said Defendants.

21

22                    **FOURTH CAUSE OF ACTION**

23                          **(Battery)**

24                **Plaintiffs against all Defendants**

25      41.    Plaintiffs reallege and incorporate by reference the allegations contained in the

26  preceding paragraphs of this Complaint, as though fully set forth herein.

27      42.    Defendants Jensen, Hutchinson, Correa, Samuels, Dossey, Dorn and Does 1-25,

28  used force on Plaintiff Christian Aguilar when they punched, kicked, and threw Plaintiff

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

- 9 -

1   against a fence, resulting in injuries. Defendants also forcefully detained Plaintiffs Ignacio

2   Aguilar Jr., and Ignacio Aguilar IV, without just cause. The conduct of Defendants was

3   unwanted and unnecessary.

4        43.   The County of Los Angeles, the City of Pomona, the Pomona Police

5   Department and Does 25 through 50, are liable for the acts, omissions and conduct of their

6   employees pursuant to California Government Code §815.2.

7        44.   As a direct cause of Defendants, and each of their tortious conduct, Plaintiffs

8   sustained general and special damages, in an amount to be proved at the time of trial.

9        45.   The individual defendants' conduct was done so with a conscious disregard of

10   Plaintiff's rights and safety, constituting malice, oppression and/or fraud under California

11   Civil Code Section 3294, entitling Plaintiff to punitive damages against individual

12   defendants, and the individual doe defendants, in an amount suitable to punish and set an

13   example of said Defendants.

14

15   **FIFTH CAUSE OF ACTION**

16   **(Violation of Civil Code §52.1)**

17   **Plaintiffs against all Defendants**

18        46.   Plaintiffs reallege and incorporate by reference the allegations contained in the

19   preceding paragraphs of this complaint, as though fully set forth herein.

20        47.   The conduct of Defendants constituted interference by threats, intimidation, or

21   coercion, or attempted interference, with the Plaintiffs' exercise or enjoyment of their rights

22   secured by the Constitution of laws of the United States, or secured by the Constitution or

23   laws of the State of California, including interference with their right to be secure in their

24   person and free from the use of excessive force under the Fourth Amendment and Cal. Const.

25   Art. 1 sec. 13 as well as Cal. Civ. Code §43, and the right of protection from bodily restraint

26   and harm. As a direct cause of Defendants' conduct, Plaintiffs' rights pursuant to California

27   Civil Code §52.1 were violated, causing injuries and damages in an amount to be proved at

28   the time of trial.

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

48.   The City is liable for the acts, omissions and conduct of its employees pursuant to California Government Code §815.2.

49.   Due to the conduct of Defendants, and each of them, Plaintiffs have been required to incur attorneys' fees and will continue to incur attorneys' fees.   Pursuant to California Civil Code § 52.1, Plaintiffs are entitled to recover said fees.

## SIXTH CAUSE OF ACTION

### (Negligence)

### Plaintiffs against all Defendants

50.   Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

51.   Defendants owed Plaintiffs a duty of care to not injure Plaintiffs in their investigation or detention of Plaintiffs.

52.   Defendants breached that duty of care when Defendants Jensen, Hutchinson, Correa, Samuels, Dossey, Dorn negligently and unlawfully assaulted, detained, and arrested, Plaintiffs, resulting in severe injuries.

53.   In conducting themselves in the manner set forth herein above, Defendants have caused Plaintiffs to sustain injuries and damages in an amount to be proved at the time of trial.

54.   The City is liable for the acts, omissions and conduct of its employees pursuant to California Government Code §815.2.

## SEVENTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

### Plaintiff Ignacio Aguilar IV against all Defendants

55.   Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

GERACOS & GERACOS, APC
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

56.     As described above, Defendants conduct was negligent and/or reckless and caused injury to Plaintiff Christian Aguilar.

57.     Plaintiff Ignacio Aguilar IV was present at the scene and witnessed the incident wherein his sixteen-year-old brother Christian Aguilar was assaulted and seriously injured as a result of defendants' negligent and/or reckless conduct.

58.     Plaintiff Ignacio Aguilar IV suffered serious emotional distress as a result of Defendants' conduct, including anguish, fright, horror, nervousness, grief, anxiety, worry, and shock.  Plaintiff continues to suffer serious emotional distress.

59.     Defendant's negligence was a substantial factor in causing Ignacio Aguilar IV's serious emotional distress.  As a direct and proximate result of Defendants' conduct, as described herein, Plaintiff has suffered damages in an amount according to proof at trial.

60.     The City is liable for the acts, omissions and conduct of its employees pursuant to California Government Code §815.2.

## EIGHTH CAUSE OF ACTION

### (Malicious Prosecution)

**Plaintiffs Ignacio Aguilar Jr. and Christian Aguilar against all Defendants**

61.     Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

62.     Defendants Jensen, Hutchinson, Correa, Samuels, Dossey, Dorn and Does 1-25, were actively involved in causing Ignacio Aguilar Jr. and Christian Aguilar to be prosecuted and caused the continuation of the prosecution.

63.     On May 20, 2016 all charges were dismissed by the Court in Christian Aguilar's case, KJ39567, under Welfare & Institutions Code 701.1.

64.     On June 20, 2016 all charges were dismissed by the Court in Ignacio Aguilar Jr. case, 5PK04590, under Penal Code Section 1385.

65.     Defendants' acted with the primary purpose to hide their liability for unlawfully beating a minor.  No reasonable person in the Defendants' circumstances would have

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

1   believed there were grounds for causing Ignacio Jr. and Christian to be arrested and

2   prosecuted.

3       66.    Defendant's action were a substantial factor in causing harm to Ignacio Aguilar

4   Jr. and Christian Aguilar by subjecting them both to over eight months of prosecution.

5       67.    The County of Los Angeles, the City of Pomona, the Pomona Police

6   Department, are liable for the acts, omissions and conduct of their employees pursuant to

7   California Government Code §815.2.

8       68.    As a direct cause of Defendants, and each of their tortious conduct, Plaintiffs

9   sustained general and special damages, in an amount to be proved at the time of trial.

10      69.    The individual defendants' conduct was done so with a conscious disregard of

11  Plaintiff's rights and safety, constituting malice, oppression and/or fraud under California

12  Civil Code Section 3294, entitling Plaintiff to punitive damages against individual

13  Defendants, and the individual doe defendants, in an amount suitable to punish and set an

14  example of said Defendants.

15

16      WHEREFORE, Plaintiffs prays for judgment as follows:

17      1.     For general damages in an amount to be determined by proof at trial;

18      2.     For special damages in an amount to be determined by proof at trial;

19      3.     For punitive and exemplary damages against the individual defendants for the

20             First, Third, and Fourth Causes of Action;

21      4.     For costs of suit;

22      5.     For reasonable attorneys' fees and costs as provided by statute; and

23      6.     For such other and further relief as the Court deems just and proper.

24  //

25

26  //

27

28  //

- 13 -
COMPLAINT

GERAGOS & GERAGOS, APC
HISTORIC ENGINE CO. No. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411

1    DATED: June 23, 2016                    GERAGOS & GERAGOS, APC

2

3                                           By: _____

4                                               MARK J. GERAGOS
                                                DAVID W. GAMMILL
5                                               Attorneys for Plaintiffs
                                                CHRISTIAN AGUILAR, IGNACIO
6                                               AGUILAR JR., and IGNACIO
                                                AGUILAR IV
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 14 -
COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2

3        Attorneys for Plaintiffs CHRISTIAN AGUILAR and IGNACIO AGUILAR JR., and

4   IGNACIO AGUILAR IV, hereby demand a jury trial.

5

6   DATED:  June 23, 2016                    GERAGOS & GERAGOS, APC

7

8                                   By: _____
                                        MARK J. GERAGOS
9                                       DAVID W. GAMMILL
                                        Attorneys for Plaintiffs
10                                      CHRISTIAN AGUILAR, IGNACIO
                                        AGUILAR JR., and IGNACIO
11                                      AGUILAR IV

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 15 -
COMPLAINT

# Exhibit "B"

RECEIVED
CITY CLERK.

ORIGINAL

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

2016 JUL -6  PM 3: 04

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
County of Los Angeles; City of Pomona; Pomona
Police Department; (see attachment SUM-200A)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Ignacio Aguilar IV, an individual; Ignacio Aguilar
Jr., an individual; (see attachment SUM-200A)

**FILED**
Superior Court of California
County of Los Angeles

**JUN 27 2016**

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Jacqueline Gonzalez

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER:<br>(Número del Caso): |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es): Pomona Superior Court (Unlimited)<br><br>400 Civic Center Plaza   Pomona, CA 91766 | **KC068544** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

DATE: **JUN 2 7 2016   SHERRI R. CARTER**   Clerk, by _____, Deputy
*(Fecha)* _____ *(Secretario)*   J. GONZALEZ   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**CASE ASSIGNED FOR ALL PURPOSES TO JUDGE D. OKI DEPT. "J"**

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* City of Pomona
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* a public entity
4. ☒ by personal delivery on *(date):* 7-6-16

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

American LegalNet, Inc.
www.FormsWorkflow.com

SUM-200(A)

| SHORT TITLE:<br>Aguilar, et al. v. County of Los Angeles, et al. | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

[✓] Plaintiff   [ ] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

CHRISTIAN AGUILAR, by and through his guardian ad litem ERAIN AGUILAR;

Page 1 of 2

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

SUM-200(A)

| SHORT TITLE:<br>Aguilar, et al. v. County of Los Angeles, et al. | CASE NUMBER: |
|---|---|

### INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

OFFICER JENSEN; OFFICER HUTCHINSON; OFFFICER CORREA; OFFICER SAMUALS; OFFICER DOSSEY; OFFICER DORN; DOES 1-50 inclusive;

Page __2__ of __2__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen and not a party to the within entitled action.  My business address is 888 South Figueroa Street, Suite 1960, Los Angeles, California 90017.

On **August 4, 2016**, I served the foregoing document(s) described as:

**NOTICE OF REMOVAL OF ACTION**
**[28 U.S.C. § 1441 (b) & (c) (FEDERAL QUESTION)]**

upon the interested parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed to the following persons:

Mark J. Geragos, Esq.
David W. Gammill, Esq.
Ben Meiselas, Esq.
GERAGOS & GERAGOS
644 South Figueroa Street
Los Angeles, CA 90017-3411


**BY MAIL**
  X   I deposited such envelope in the mail at Los Angeles, California.  The
        envelope was mailed with postage thereon fully prepaid.

        Executed on **August 4, 2016**, at Los Angeles, California.

**FEDERAL**
  X   I declare under penalty of perjury under the laws of the United States of
        America that the above is true and correct.

  Gabrielle P. Duran
                                              (Signature)

- 1 -

PROOF OF SERVICE