**GERAGOS & GERAGOS**
A PROFESSIONAL CORPORATION
LAWYERS
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 625-3900
FACSIMILE (213) 232-3255
GERAGOS@GERAGOS.COM

MARK J. GERAGOS     SBN 108325
DAVID W. GAMMILL    SBN 258286
BEN MEISELAS        SBN 277412

Attorneys for Plaintiffs IGNACIO AGUILAR IV, IGNACIO AGUILAR JR, and CHRISTIAN AGUILAR

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGNACIO AGUILAR IV, an individual; IGNACIO AGUILAR JR., an individual; CHRISTIAN AGUILAR, by and through his guardian *ad litem* ERAIN AGUILAR;<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF POMONA; POMONA POLICE DEPARTMENT; OFFICER JENSEN; OFFICER HUTCHINSON; OFFFICER CORREA; OFFICER SAMUALS; OFFICER DOSSEY; OFFICER DORN; DOES 1-10 inclusive;<br><br>Defendants. | **Case No.: 2:16-cv-05804-DSF(AJWx)**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES:**<br><br>1. **VIOLATION OF CIVIL RIGHTS 42 U.S.C. §1983**<br>2. **VIOLATION OF CIVIL RIGHTS – MONELL CLAIM**<br>3. **VIOLATION OF CIVIL RIGHTS- DEVEREAUX CLAIM**<br>4. **BATTERY**<br>5. **VIOLATION OF CIVIL CODE §52.1**<br>6. **NEGLIGENCE**<br>7. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**<br>8. **WRONGFUL PROSECUTION**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. On September 16th, 2015 Ignacio Aguilar Jr., took his family, including his sons Ignacio Aguilar IV and Christian Aguilar, to the Los Angeles County Fair. What should have been an evening of family fun ended with unprovoked police brutality. A sequence of events, propelled by a group of corrupt Pomona Police Officers, culminated in the beating of sixteen-year-old Christian Aguilar by a group of Pomona Police Officers. Christian was struck in the throat multiple times, repeatedly beaten with a baton, and threatened with a taser before officers stopped beating the young man and arrested him. The officers then engaged in an intricate cover up involving the arrest of a witness, evidence tampering, and submitting intentionally dishonest police reports to the District Attorney's Office.

## THE PARTIES

2. Plaintiffs Ignacio Aguilar Jr., at all relevant times, was a resident of Los Angeles County, California.

3. Plaintiff Ignacio Aguilar IV is the son of Defendant Ignacio Aguilar Jr., and, at all relevant times, was a resident of Los Angeles County, California.

4. Plaintiff Christian Aguilar is the son of Defendant Ignacio Aguilar Jr., and, at all relevant times, was a resident of Los Angeles County, California. His claim is being brought by and through his Guardia *ad lietem* Erain Aguilar.

6. At all times herein mentioned, the City of Pomona was a governmental entity organized and existing under the laws of the State of California.

7. At all times herein mentioned, the Pomona Police Department was a governmental entity organized and existing under the laws of the State of California.

8. Defendant Officer Jensen, at all relevant times, was a Detective employed by the County of Los Angeles acting under color of authority.

9. Defendant Officer Hutchinson, at all relevant times, was a Detective employed by the County of Los Angeles acting under color of authority.

10. Defendant Officer Correa, at all relevant times, was a Detective employed by the County of Los Angeles acting under color of authority.

11. Defendant Officer Samuels, at all relevant times, was a Detective employed by the County of Los Angeles acting under color of authority.

12. Defendant Officer Dossey, at all relevant times, was a Detective employed by the County of Los Angeles acting under color of authority.

13. Defendant Officer Dorn, at all relevant times, was a Detective employed by the County of Los Angeles acting under color of authority.

14. Plaintiffs are unaware of the true names and capacities of the Defendants named herein as DOES 1 through 10, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiffs will seek leave of court to amend this First Amended Complaint to allege true names and capacities of said Defendants when the same are ascertained. Plaintiffs are informed and believe and thereon allege that each of the aforesaid factiously named Defendants are responsible in some manner for the happenings and occurrences hereinafter alleged, and the Plaintiffs' damages and injuries as herein alleged were caused by the conduct of said Defendants.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over the entire action by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court. Jurisdiction is conferred upon this court by Section 1983, of Title 42, United States Code. Concurrent jurisdiction was granted to this court under *Williams vs. Horvath* (1976) 16 Cal.3d 834, 837. Also, this Court has jurisdiction to award damages pursuant to Article VI Section 10 of the California Constitution.

16. Pursuant to Government Code Section 910, Plaintiffs and each of them submitted a Government Tort Claim on March 14, 2016 to the appropriate City and County Officials. By operation of law the Section 910 was deemed rejected 45 days

1 after service. The instant action is timely brought within 6 months or 180 days from
2 the rejection of the Government Tort Claim.

3     17. Pursuant to Code of Civil Procedure section 395(a), venue is proper
4 because Plaintiffs' injury occurred within the jurisdiction of this Court in the County of
5 Los Angeles, California.

## FACTUAL BACKGROUND

### Ignacio Aguilar Jr.'s False Arrest

    18. Like most adults out at the Fair that night, Ignacio and his adult cousin Gabriel were enjoying a beer. While walking away from a beer vendor, Gabriel was engaged by Pomona Police Officers Dossey and Dorn. Although neither Gabriel nor Ignacio Jr. showed any signs of intoxication, Officer Dorn felt Gabriel did not show the proper level of respect to the officers. Officer Dorn arrested Gabriel under the false accusation that he was so intoxicated that he was a danger to himself and others. When Ignacio came to his cousin's aid in an attempt to diffuse the situation he was also arrested for the same bogus charge, Penal Code Section 647(f).

### The Beating of a Kid

    19. Ignacio's sixteen-year-old son, Christian, watched as his father and cousin were handcuffed by Pomona Police. While officers escorted his father and cousin out of the fair, Christian began filming his father and the officers from a distance of approximately thirty feet. For no discernable reason, Officer Jensen grabbed him by the arm and escorted him towards a fence. Officer Jensen forced Christian, face first, into the fence. He then spun Christian around and struck him with two unprovoked forearm strikes, even though Christian kept his hands down by his side. Officer Hutchinson then joined the beating by grabbing Christian and placing him in a full nelson hold. As Officer Hutchinson held Christian up in a full nelson hold, Officer Correa beat Christian with a baton. As officers converged on Christian he struggled to protect himself from the gang of grown men assaulting him. Eventually Officer

- 4 -
FIRST AMENDED COMPLAINT

Samuels threatened Christian with a taser as officers rolled him over and handcuffed him. Christian was arrested for Penal Code Section 148, resisting arrest. Christian was unlawfully held in custody with adults despite telling officers multiple times that he was a minor.

20. Christian's brother, Ignacio Aguilar IV, watched on in horror as his brother was beaten and arrested. When he yelled for police to stop, he was taken to the ground by unknown Pomona Police Officers and was unlawfully detained.

### The Video

21. Officers did not count on Robert Hanson, a neutral third party, filming the entire beating. When Hanson noticed Officer Jensen grab a sixteen-year-old boy by the arm and shove him up against a fence, he began recording the incident with his cellphone. His recording captured Officer Jensen spinning Christian around and the entire assault that followed. When police realized they had been video recorded, they arrested Robert Hanson with bogus charges of being drunk in public and interfering with an investigation. Once they had Hanson in custody, they took custody of his phone. The arrests of Ignacio Aguilar Jr., Christian Aguilar, and Robert Hanson were nothing more than the initial steps in an unlawful cover up and an attempt to justify the beating of Christian.

### The Cover-Up

22. The Police turned over an altered version of Hanson's video to the District Attorney's Office to support their falsified police reports. The Pomona Police Department's version of the video was missing the first second of footage and does not show Officer Jensen initiating the attack by forcibly spinning Christian around. Officers Jensen, Hutchinson, and Correa all state in their police report that Christian had swung at and missed Officer Jensen's jaw immediately before their version of the video starts. The full version, supplied by Mr. Hanson, directly contradicts these false accusations. Officers Jensen, Samuels, Hutchinson, and Correa all testified under oath

at the adjudication that they saw Christian swing at Jensen. Jensen eventually admitted under cross-examination that Christian never swung at him.

23. Officers Dorn and Dossey both wrote false police reports indicating Ignacio Aguilar Jr. showed objective signs of intoxication, despite taking no investigative steps in order to reach that conclusion.

24. Christian was charged by the Los Angeles District Attorney's Office with two counts of Penal Code 148. Those charges were dismissed during his adjudication when the court granted the defense motion under Welfare & Institutions Code 701.1.

25. Ignacio Aguilar Jr. was charged by the Los Angeles District Attorney's Office with Penal Code 647(f). His case was dismissed a few weeks after the dismissal of his son's case.

## FIRST CAUSE OF ACTION

### (Violation of Civil Rights 42 U.S.C. §1983)

**Plaintiffs against Defendants Jensen, Hutchinson, Correa, Samuels, Dossey, Dorn and Does 1-10**

22. Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

23. At all times material to this First Amended Complaint, Defendants were acting under color of the law in violating Plaintiffs constitutional rights as herein alleged under the First, Fourth and Fourteenth Amendments to the Constitution of the United States. The First, Fourth and Fourteenth Amendments are made applicable to the States pursuant to 42 U.S.C. §1983.

24. Plaintiffs have a constitutional right to be free from the use of excessive force by law enforcement officers. Defendants Jensen, Hutchinson, Correa, Samuels, Dossey, Dorn and Does 1-10 caused injuries with the use of force against Plaintiffs' person which was unnecessary, excessive or unreasonable, and thereby deprived Plaintiffs of rights, privileges, and immunities secured to them by the Fourth

- 6 -
FIRST AMENDED COMPLAINT

Amendment to the Constitution of the United States. On information and belief, Plaintiffs assert that Defendants Jensen, Hutchinson, Correa, Samuels, Dossey, Dorn were the officers who engaged in the excessive use of force.

25. Plaintiffs have a constitutional right to be free from unreasonable seizures of their person, made without probable cause. Defendants Jensen, Hutchinson, Correa, Samuels, Dossey, Dorn and Does 1-10 deprived Plaintiffs of rights, privileges, and immunities secured to them by the Fourth and/ or Fourteenth Amendments to the Constitution of the United States by, *inter alia,* subjecting Plaintiffs to unlawful searches and seizures of their person, causing them to be taken into custody without justification or cause.

26. Due to the conduct of Defendants, and each of them, Plaintiffs have suffered general damages and special damages, all in a sum to be proved at trial.

27. Due to the conduct of Defendants, and each of them, Plaintiffs have been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiffs' damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

28. The individual Defendants acted with a conscious disregard of Plaintiffs' rights conferred upon them by Section 1983, Title 42 of the United States Code, the First, Fourth and Fourteenth Amendments to the United States Constitution and California Civil Code Section 3333, by intentionally causing them injury and taking them into custody without probable cause. Such conduct constitutes malice, oppression and/or fraud under California Civil Code Section 3294, entitling Plaintiffs to punitive damages against the individual Defendants in an amount suitable to punish and make an example of said Defendants.

///

///

///

## SECOND CAUSE OF ACTION

## (Violation of Civil Rights- *Monell* Claim)

## Plaintiffs against the City of Pomona and Does 1-10

29. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this First Amended Complaint, as though fully set forth herein.

30. Defendants City of Pomona and the Pomona Police Department have engaged in the following unlawful conduct to establish liability based upon the principles set forth in *Monell v. New York City Dept. of Social Services*: (1) adopted an official policy and/or custom and practice of utilizing internal affairs investigations as a pretext for witness intimidation instead of investigating potential officer misconduct; (2) adopted a custom and practice of seeking to fabricate charges against professionals who were victims of excessive force to coerce plea bargains by threatening to harm, and actually harming, their careers, (3) adopted a custom and practice of falsifying police reports and tampering with video evidence, (4) failing to train its officers on (a) the handling of exculpatory evidence, (b) their interactions with members of the public who seek to exercise their lawful First Amendment right to videotape officers in public places, and (c) preparing accurate police reports. Further, Defendant City of Pomona and Pomona Police Department are responsible for the failure to adequately train officers on use of force and de-escalation protocols and for the failure to discipline officers who engage in malfeasance in connection with tampering evidence, concealing exculpatory evidence, and falsifying police reports.

31. Defendant City of Pomona and the Pomona Police Department are also liable based upon the principles set forth in *Monell v. New York City Dept. of Social Services*, because the malicious prosecution of Plaintiff was encourage and/or directed by one or more Defendant DOE final policy makers. This is evidence by the high degree of coordination with respect to arresting not just Plaintiffs but also independent witnesses, with respect to editing the video of the incident that was submitted to the

DA, and with respect to the similar fabricated facts across various police reports. Further, the involvement of a high level DOE final policy maker is further evidence by a Lieutenant from the Pomona PD demanding to meet with Christian without his parents and without the presence of a lawyer.

32. Further, the unlawful conduct by Pomona Police Department is not isolated to this case. The Pomona Police Department engaged in strikingly similar conduct recently when it engaged in excessive force against an off-duty LAPD Officer, fabricated police reports against that victim so that the victim was charged with assaulting police officers, and causing the victim to be terminated from LAPD. In that matter, the Pomona Police Department was similarly exposed for fabricating police reports. The victim was found not guilty in the criminal proceeding and was successful in his civil rights lawsuit. Here too, Ignacio Aguilar was a successful Hispanic man, who worked as a cardiac nurse at Huntington Memorial, whose career was crushed by the false reports of Pomona Police Department.

33. Plaintiffs are informed and believe, and thereon allege, that additional complaints and investigations have been brought against the Pomona Police for these policies and customs which include, but are not limited to, the deliberate indifferent training of its law enforcement officers in the use of excessive force and effectuating lawful arrests, the express and/or tacit encouragement of excessive force and arrests without probable cause, the ratification of police misconduct and the failure to conduct adequate investigations of police misconduct such that future violations do not occur.

34. Plaintiffs are informed and believe, and thereon allege, that the customs and policies were the moving force behind, and directly caused the violations of Plaintiffs' rights and the injuries to Plaintiffs as asserted herein. Specifically, as a direct result of the custom and practices set for above, and as a direct result of the systematic encouragement by Pomona Police Department and by its final policy makers to fabricate police reports, conceal exculpatory evidence, and intimidate Plaintiffs and witnesses, in conformity with its unlawful customs and practices and failures in

1  training and officer education, Plaintiffs suffered the special and general damages
2  alleged herein.

3      35.     Based upon the principles set forth in *Monell v. New York City Dept. of*
4  *Social Services*, the City of Pomona is liable for all of the injuries sustained by
5  Plaintiffs as set forth above.

6      36.     In acting as alleged herein, Defendants, and each of them, caused
7  Plaintiffs general and special damages, in an amount to be determined at the time of
8  trial.

9      37.     Due to the conduct of Defendants, and each of them, Plaintiffs have been
10 required to incur attorneys' fees and will continue to incur attorneys' fees, all to
11 Plaintiffs' damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C.
12 §1988.

## THIRD CAUSE OF ACTION

**(Violation of Civil Rights 42 U.S.C. §1983-** *Devereaux* **Claim)**

**Plaintiffs against Defendants Jensen, Hutchinson, Correa, Samuels, Dossey, Dorn and Does 1-10**

18     38.     Plaintiffs reallege and incorporate by reference each and every allegation
19 contained in the preceding paragraphs as if fully set forth herein.

20     39.     At all times material to this First Amended Complaint, Defendants were
21 acting under color of the law in violating Plaintiffs constitutional rights as herein
22 alleged under the First, Fourth and Fourteenth Amendments to the Constitution of the
23 United States. The First, Fourth and Fourteenth Amendments are made applicable to
24 the States pursuant to 42 U.S.C. §1983.

25     40.     Plaintiffs have a constitutional right to be free from fabricated evidence
26 used to deprive Plaintiffs of liberty. Defendants Jensen, Hutchinson, Correa, Samuels,
27 Dossey, Dorn and Does 1-10 deprived Plaintiffs of rights, privileges, and immunities
28 secured to them by the Fourteenth Amendments to the Constitution of the United

States by, *inter alia,* fabricating police reports and tampering with video evidence which caused Plaintiffs to be subjected to the criminal justice system.

41. Due to the conduct of Defendants, and each of them, Plaintiffs have suffered general damages and special damages, all in a sum to be proved at trial.

42. Due to the conduct of Defendants, and each of them, Plaintiffs have been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiffs' damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

43. The individual Defendants acted with a conscious disregard of Plaintiffs' rights conferred upon them by Section 1983, Title 42 of the United States Code, the First, Fourth and Fourteenth Amendments to the United States Constitution and California Civil Code Section 3333, by intentionally causing them injury and fabricating evidence. Such conduct constitutes malice, oppression and/or fraud under California Civil Code Section 3294, entitling Plaintiffs to punitive damages against the individual Defendants in an amount suitable to punish and make an example of said Defendants.

## FOURTH CAUSE OF ACTION
### (Battery)
### Plaintiffs against all Defendants

44. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this First Amended Complaint, as though fully set forth herein.

45. Defendants Jensen, Hutchinson, Correa, Samuels, Dossey, Dorn and Does 1-10, used force on Plaintiff Christian Aguilar when they punched, kicked, and threw Plaintiff against a fence, resulting in injuries. Defendants also forcefully detained Plaintiffs Ignacio Aguilar Jr., and Ignacio Aguilar IV, without just cause. The conduct of Defendants was unwanted and unnecessary.

46. The City of Pomona, the Pomona Police Department and Does 1 through 10, are liable for the acts, omissions and conduct of their employees pursuant to California Government Code §815.2.

47. As a direct cause of Defendants, and each of their tortious conduct, Plaintiffs sustained general and special damages, in an amount to be proved at the time of trial.

48. The individual defendants' conduct was done so with a conscious disregard of Plaintiff's rights and safety, constituting malice, oppression and/or fraud under California Civil Code Section 3294, entitling Plaintiff to punitive damages against individual defendants, and the individual doe defendants, in an amount suitable to punish and set an example of said Defendants.

## FIFTH CAUSE OF ACTION
### (Violation of Civil Code §52.1)
### Plaintiffs against all Defendants

49. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this First Amended Complaint, as though fully set forth herein.

50. The conduct of Defendants constituted interference by threats, intimidation, or coercion, or attempted interference, with the Plaintiffs' exercise or enjoyment of their rights secured by the Constitution of laws of the United States, or secured by the Constitution or laws of the State of California, including interference with their right to be secure in their person and free from the use of excessive force under the Fourth Amendment and Cal. Const. Art. 1 sec. 13 as well as Cal. Civ. Code §43, and the right of protection from bodily restraint and harm. As a direct cause of Defendants' conduct, Plaintiffs' rights pursuant to California Civil Code §52.1 were violated, causing injuries and damages in an amount to be proved at the time of trial.

51. The City is liable for the acts, omissions and conduct of its employees pursuant to California Government Code §815.2.

52. Due to the conduct of Defendants, and each of them, Plaintiffs have been required to incur attorneys' fees and will continue to incur attorneys' fees. Pursuant to California Civil Code § 52.1, Plaintiffs are entitled to recover said fees.

## SIXTH CAUSE OF ACTION
### (Negligence)
### Plaintiffs against all Defendants

53. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this First Amended Complaint, as though fully set forth herein.

54. Defendants owed Plaintiffs a duty of care to not injure Plaintiffs in their investigation or detention of Plaintiffs.

55. Defendants breached that duty of care when Defendants Jensen, Hutchinson, Correa, Samuels, Dossey, Dorn negligently and unlawfully assaulted, detained, and arrested, Plaintiffs, resulting in severe injuries.

56. In conducting themselves in the manner set forth herein above, Defendants have caused Plaintiffs to sustain injuries and damages in an amount to be proved at the time of trial.

57. The City is liable for the acts, omissions and conduct of its employees pursuant to California Government Code §815.2.

///
///
///

## SEVENTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

### Plaintiff Ignacio Aguilar IV against all Defendants

58. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this First Amended Complaint, as though fully set forth herein.

59. As described above, Defendants conduct was negligent and/or reckless and caused injury to Plaintiff Christian Aguilar.

60. Plaintiff Ignacio Aguilar IV was present at the scene and witnessed the incident wherein his sixteen-year-old brother Christian Aguilar was assaulted and seriously injured as a result of defendants' negligent and/or reckless conduct.

61. Plaintiff Ignacio Aguilar IV suffered serious emotional distress as a result of Defendants' conduct, including anguish, fright, horror, nervousness, grief, anxiety, worry, and shock. Plaintiff continues to suffer serious emotional distress.

62. Defendant's negligence was a substantial factor in causing Ignacio Aguilar IV's serious emotional distress. As a direct and proximate result of Defendants' conduct, as described herein, Plaintiff has suffered damages in an amount according to proof at trial.

63. The City is liable for the acts, omissions and conduct of its employees pursuant to California Government Code §815.2.

## EIGHTH CAUSE OF ACTION

### (Malicious Prosecution)

### Plaintiffs Ignacio Aguilar Jr. and Christian Aguilar against all Defendants

64. Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs of this First Amended Complaint, as though fully set forth herein.

65. Defendants Jensen, Hutchinson, Correa, Samuels, Dossey, Dorn and Does

1-10, were actively involved in causing Ignacio Aguilar Jr. and Christian Aguilar to be prosecuted and caused the continuation of the prosecution.

66. On May 20, 2016 all charges were dismissed by the Court in Christian Aguilar's case, KJ39567, under Welfare & Institutions Code 701.1.

67. On June 20, 2016 all charges were dismissed by the Court in Ignacio Aguilar Jr. case, 5PK04590, under Penal Code Section 1385.

68. Defendants' acted with the primary purpose to hide their liability for unlawfully beating a minor. No reasonable person in the Defendants' circumstances would have believed there were grounds for causing Ignacio Jr. and Christian to be arrested and prosecuted.

69. Defendant's action were a substantial factor in causing harm to Ignacio Aguilar Jr. and Christian Aguilar by subjecting them both to over eight months of prosecution.

70. The City of Pomona and the Pomona Police Department are liable for the acts, omissions and conduct of their employees pursuant to California Government Code §815.2.

71. As a direct cause of Defendants, and each of their tortious conduct, Plaintiffs sustained general and special damages, in an amount to be proved at the time of trial.

72. The individual defendants' conduct was done so with a conscious disregard of Plaintiff's rights and safety, constituting malice, oppression and/or fraud under California Civil Code Section 3294, entitling Plaintiff to punitive damages against individual Defendants, and the individual doe defendants, in an amount suitable to punish and set an example of said Defendants.

///

///

///

WHEREFORE, Plaintiffs prays for judgment as follows:

1. For general damages in an amount to be determined by proof at trial;
2. For special damages in an amount to be determined by proof at trial;
3. For punitive and exemplary damages against the individual defendants for the First, Third, and Fourth Causes of Action;
4. For costs of suit;
5. For reasonable attorneys' fees and costs as provided by statute; and
6. For such other and further relief as the Court deems just and proper.

DATED: October 17, 2016            GERAGOS & GERAGOS, APC

By: /s/ Mark J. Geragos
MARK J. GERAGOS
DAVID W. GAMMILL
BEN MEISELAS
Attorneys for Plaintiffs
CHRISTIAN AGUILAR, IGNACIO AGUILAR JR., and IGNACIO AGUILAR IV

## DEMAND FOR JURY TRIAL

Attorneys for Plaintiffs CHRISTIAN AGUILAR and IGNACIO AGUILAR JR., and IGNACIO AGUILAR IV, hereby demand a jury trial.

DATED: October 17, 2016          GERAGOS & GERAGOS, APC

By: /s/ Mark J. Geragos
    MARK J. GERAGOS
    DAVID W. GAMMILL
    BEN MEISELAS
    Attorneys for Plaintiffs
    CHRISTIAN AGUILAR, IGNACIO AGUILAR JR., and IGNACIO AGUILAR IV